UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT WAYNE CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:23-cv-00572-JMS-KMB |
| | ) |
| ERIC SNOWDEN, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON PLAINTIFF'S PENDING DISCOVERY MOTIONS

Robert Wayne Clark, an inmate currently housed at the Ripley County Jail, filed this civil action based on allegations that Indianapolis Metropolitan Police Department (IMPD) Officer Eric Snowden lacked probable cause to arrest him and subjected him to excessive force on February 19, 2021, after a car accident. Dkt. 6 (screening order). His claims proceed against the defendant pursuant to the Fourth Amendment. *Id.* This action is now in the discovery phase, with discovery set to close on January 19, 2024. Dkt. 13 (pretrial scheduling order).

This Order addresses several of Mr. Clark's pending motions that are all related to discovery requests he seeks in this action. For the reasons explained below, Mr. Clark's motions, dkts. [20], [21], and [24] are **DENIED.**

### I. Relevant Background

Mr. Clark alleges that he was involved in a car accident and that Officer Snowden responded to the scene. Dkt. 6. Mr. Clark alleges that witnesses Alvin and Carole Stepp attempted to tell Officer Snowden that Mr. Clark was not the person driving during the accident but that Officer Snowden threatened to arrest these witnesses if they tried to give a statement on Mr. Clark's behalf. *Id.* Mr. Clark states that Officer Snowden filed false arrest charges against him including driving while suspended, leaving the scene of an accident, battery, resisting arrest, and being

involved in an accident with $2,000 or more damages. *Id.* Mr. Clark was charged criminally in Cause No. 49D35-2102-F6-005273 in Marion Superior County Court. He claims that his criminal charges were dismissed after Alvin and Carole Stepp testified on his behalf. *Id.*

Publicly available state court records show that Mr. Clark pled guilty to resisting law enforcement in a related Marion Superior Court case (Cause No. 49D35-2008-F6-024270). The state court docket in Cause No. 49D35-2102-F6-005273, which relates to the incident with Officer Snowden, indicates that Mr. Clark's criminal charges in that case were dropped pursuant to his plea agreement in Cause No. 49D35-2008-F6-024270. The Court is permitted to take judicial notice of public records, such as these state court documents. *See, e.g.*, *Spiegel v. Kim*, 952 F.3d 844, 847 (7th Cir. 2020). This Court has already cautioned Mr. Clark that any attempt to challenge the validity of his state court case conviction or sentence will not be permitted in this federal civil case. Dkt. 6 at 5 (citing *Wallace v. Kato*, 549 U.S. 384, 392 (2007)).

## II. Discussion

Mr. Clark's pending motions seek production of transcripts from a hearing held on September 30, 2021, in state court criminal Cause No. 49D35-2102-F6-005273, at which Alvin and Carole Stepp testified. Dkt. 20. Mr. Clark requested this information from the Marion County Clerk's Office but was told the transcripts were not available "as [this] was a case in federal court."[1] *Id.* Mr. Clark also requested this information from the defendant's counsel in this federal civil case. *Id.* Defendant's counsel wrote Mr. Clark a letter in response stating that he did not have any copies of criminal hearing transcripts to provide. *Id.* at 21 (letter dated Oct. 16, 2023). Mr. Clark then filed multiple motions asking the Court to order defendant's counsel "to produce any and all

---

[1] The Court notes that the state court record for cause number 49D35-2102-F6-005273 indicates by the state's notice of taped statement that Alvin and Carole Stepp's statements were taped on September 30, 2021. That notice was served upon Mr. Clark's counsel in the state court case.

evidentiary material including the transcripts of testimony from Alvin Stepp and Carole Stepp." Dkt. 24. Additionally, Mr. Clark requests "a continuance of all proceedings" until after December 15, 2023, since he states he will be released from the Ripley County Jail. Dkt. 20.

Defendant's counsel filed responses in opposition to the motions, stating that he is employed by the Office of Corporation Counsel, "which is a separate organization from the Marion County Prosecutor's Office and does not perform criminal prosecutions for felony charges." Dkt. 23; dkt. 25. As such, defendant's counsel in this federal civil case states that he "does not have access to non-public records in the possession of the Marion County Prosecutor's Office, including evidentiary materials from a criminal case dismissed pursuant to a plea agreement." Dkt. 25. This includes any hearing transcripts or depositions that may have been taken related to the criminal state court case. Dkt. 23. Because such materials are not in the defendant's or his counsel's possession, the defendant asks the Court to deny Mr. Clark's discovery motions. Dkt. 23; dkt. 25.

Federal Rule of Civil Procedure 34(a)(1) provides that "a party may serve on any other party a request within the scope of Rule 26(b)" to produce documents within the "responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "[A] party does not need to have physical possession of documents to control them within the meaning of Rule 34." *Life Spine, Inc. v. Aegis Spine, Inc.*, No. 19 CV 7092, 2021 WL 5415155, at *2 (N.D. Ill. Nov. 19, 2021). "[R]ather, the test is whether the party as a legal right to obtain them." *Meridian Labs., Inc. v. OncoGenerix USA, Inc.*, 333 F.R.D. 131, 135 (N.D. Ill. 2019) (internal quotation marks and citations omitted). "[T]he proper standard to apply when considering whether a party has 'possession, custody, or control' of a document in the hands of a third-party . . . 'is whether the party has a legal right to control or obtain' the documents requested; a party's 'practical ability' to obtain the document is irrelevant absent a legal right to do so." *Robinson v. Moskus*, 491 F. Supp. 3d 359, 364 (C.D. Ill.

2020) (concluding that defendants had the practical ability to obtain the requested documents from the IDOC, but that defendants did not have any legal right to control or obtain the requested documents).

Defendant and defendant's counsel have responded that they are not in possession, custody, or control of these documents and that they cannot access them because they are not matters of public record. The record in this case does not indicate that the defendant in this federal civil case was involved in Mr. Clark's state criminal proceedings, specifically as related to any taped statements or transcripts of testimony from Alvin and Carole Stepp. Although the state court record indicates that the defendant prepared the probable cause affidavit, nothing else in that record indicates that the defendant was involved in the criminal hearing at issue such that he or his counsel would have access to court hearing transcripts form that hearing that are not available on the public record. Mr. Clark fails to establish, and the Court finds nothing in the record to establish, that the defendant or his counsel in this federal civil case have any legal right to control or obtain the requested non-public documents from Mr. Clark's state criminal case. Accordingly, Mr. Clark's motions for the Court to order the defendant to produce the material he requests must be **DENIED.**

Mr. Clark's requests related to his state criminal case may be made to an applicable non-party, but the Court cannot provide legal advice or identify the correct non-party or specific avenues for Mr. Clark to conduct discovery that he may desire to have for this federal civil action. The Court does note that Mr. Clark was represented by counsel in his state criminal case and that perhaps he could pursue the information he seeks by contacting his former criminal law attorney.

Finally, to the extent Mr. Clark seeks a continuation of these proceedings due to any impending release from custody, his request is **DENIED**.[2] Mr. Clark has not identified what, if any, pretrial deadlines he believes he will be unable to meet at this time, and his pending filings confirm that he has had the ability to engage in this action even while in custody. The Court reminds Mr. Clark of his duty to update the Court of any address change so that the Court may communicate with him through the United States Postal System.

### III. Conclusion

For the reasons explained above, Mr. Clark's motion for Court assistance, [20], motion for Court order for production, dkt. [21], and motion to compel, dkt. [24], are **DENIED.**

Mr. Clark's request for a continuance of the proceedings is **DENIED.** The pretrial scheduling order at docket 13 **remains in effect and unchanged.**

If Mr. Clark's address changes due to his release from custody or any other reason, he must update the Court immediately with his updated address so that the Court may communicate with him through the United States Postal System.

**IT IS SO ORDERED.**

Date: 12/29/2023

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

ROBERT WAYNE CLARK
Ripley County Jail
210 N. Monroe Street
Versailles, IN 47042

John P. Lowrey
City of Indianapolis
john.lowrey@indy.gov

---

[2] The Court notes that since this ruling is being issued after the date on which Mr. Clark requests the continuation—December 15, 2023—it may already be moot. To the extent it is not, however, the Court finds that it must be denied.